Submitted on brief December 17, 1929; affirmed May 1, 1930

JOHNSON *v.* McDONALD
(287 P. 220)

*Donald Young* of Eugene for appellant.

*Immel & Evans* of Eugene for respondent.

COSHOW, C. J. ██ We are of the opinion that the case of *Quatsoe v. Eggleston,* 42 Or. 315 (71 P. 66), is decisive of this case. From page 320 of the official report we quote:

"There cannot, therefore, be a lottery without this element of uncertainty or chance. If the power of reason or will is exercised upon the selection, then there is no lottery."

It will be seen from the directions that the prize is drawn not by chance but as a reward for the skill of the

person claiming the prize. If there is any element of chance at all about the device it is in the drawing of the problem. Any problem drawn requires the solution of the game of checkers presented by that particular problem. From the directions given with the Advertoshare Problem Checkerboards we learn that the problem is the completion of a game of checkers that has been partially played. The device was invented by a famous checker player. So far as it is humanly possible, the several problems are of equal difficulty. No distribution of prizes is made by chance or lot. Gambling does not have any place in the game as it is intended to be played. The prizes offered are trivial and do not offer any inducement for one to purchase an opportunity to play the game.

There is no more resemblance to a lottery in the scheme than there is in a game of billiards or of cards where such games are played in a public place and charges are made for the privilege of using the billiard tables or card tables. The predominant element in the game is one of skill. The game would not appeal to any one who did not like to play checkers. There is no apparent likelihood at all that the game, if played as designed, would cultivate a spirit of gambling.

Appellant relies on the case of *National Thrift Ass'n v. Crews*, 116 Or. 352, 355 (241 P. 72, 41 A. L. R. 1481). The facts are different in that case from the case at bar. There an element of chance, though expressed in a voting scheme, predominated. The court held in the National Thrift Ass'n case that the voting plan was a subterfuge and intended to cover up the lottery that was the principal element in awarding prizes.

The identical device involved in the case at bar was held legal in the following case: *D'Orio v. Startup*

*Candy Co.* (Utah), 266 Pac. 1037, 60 A. L. R. 338; *D'Orio v. Jacobs,* 151 Wash. 297 (275 Pac. 563). The game in the instant case does not come within the meaning of a lottery or game of chance as defined in textbooks: 27 C. J. 968, §§ 4, 7; 13 C. J. 410-412, §§ 339-341; 12 R. C. L. 716. See also *National Sales Co. v. Manciet,* 83 Or. 34 (162 P. 1055, L. R. A. 1917D, 485).

Attorney for respondent covers the case thoroughly in the following language:

"As to the second suggested use, the only element of chance in this phase of the operation is that a more skillful player than himself happened to draw the same problem who solved it and won the prize. However, it must be borne in mind that the element which defeated the customer was his lack of ability, and his lack of skill, and not the element of chance. It can not be said that the fact that he drew a problem which he could not solve was contributed to by chance for the reason that all of the problems are capable of solution, and equally difficult; consequently, the presumption is that if he can solve one of them with his knowledge of checkers, he should be able to solve them all. If his solution should require a greater number of moves than the solution of a competing customer, that fact can only be attributed to the greater skill of the winning customer. In this connection, it must at all times be borne in mind that in offering solutions in competition with the solutions of other customers, that there is no competition between the players of different problems. In other words, each customer entering the contest and drawing the problem "Curve" will compete only with the other customers who draw this same problem."

The judgment is affirmed.

McBride, J., absent.

Rossman, J., dissents.